UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL SABO,

        Petitioner,

   v.

JOSEPH H. NOETH, Superintendent,
Attica Correctional Facility,

        Respondent.

17-CV-820
DECISION & ORDER

The petitioner, Michael Sabo, is an inmate at the Attica Correctional Facility. He

submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1.

On November 13, 2019, this Court ordered the respondent to respond to the petition

within 90 days. Docket Item 4. On January 13, 2020, the respondent moved to change

venue to the Eastern District of New York. Docket Item 5. On February 10, 2020, Sabo

responded. Docket Item 9.

For the reasons that follow, the respondent's motion to change venue is denied.

The respondent is ordered to respond to the petition **within 30 days of the date of this**

**order.**[1]


## DISCUSSION

District courts have jurisdiction over a habeas petition that is "filed in the district

court for the district wherein [the petitioner] is in custody or in the district court for the

---

[1] When the respondent filed his motion to change venue, approximately 60 days
had elapsed since the Court's initial 90-day scheduling order.

district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2141(d). If the petitioner is incarcerated in a different district than the one in which he was convicted and sentenced, then the two "district courts shall have concurrent jurisdiction to entertain the application." *Id.* Moreover, "the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court." *Id.*

The respondent argues that it would be in furtherance of justice to transfer this matter to the Eastern District of New York, where Sabo was convicted and sentenced. The respondent relies on 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The respondent explains that "the records and witnesses are located in [the Eastern District]" and that district "would be more convenient for the Kings County District Attorney's office, which litigates its own habeas petitions." Docket Item 5 at 5. The respondent concedes that "the Attorney General's habeas attorneys, who are admitted to practice in all four district courts, could conceivably respond to this petition" but notes that "the Kings County District Attorney's Office reasonably prefers to defend its own convictions in federal court." *Id.* Finally, the respondent contends that "a transfer would also favor [the] petitioner" because "[i]n the unlikely event that a hearing is ordered with respect to this petition, any witnesses that [the] petitioner might wish to call would probably be located in [the Eastern District]." *Id.*

Sabo, for his part, argues that "convenience of the parties is not identified as a factor for this Court to consider under the statute governing venue analysis for habeas cases." Docket Item 9 at 2; *see also Ford v. Bradt*, 71 F. Supp. 3d 364, 367 (W.D.N.Y. 2014) ("Unlike the text of § 1404(a), nothing in the text of § 2241(d) requires the court to explicitly consider the convenience of the parties when determining whether a transfer is in furtherance of justice."). Moreover, Sabo avers, "even if that factor is considered, the convenience of litigation for [the r]espondent's alternative counsel should not trump . . . Sabo's choice of forum." *Id.*

This Court agrees with Sabo that transferring this matter to the Eastern District would not be "in furtherance of justice" and therefore declines to exercise its discretion to do so. *See* 28 U.S.C. § 2141(d). Although this Court is not *required* to consider the convenience of the parties, *see Ford*, 71 F. Supp. 3d at 367, it sees no reason why it should not consider that factor in its analysis.

As Sabo observes, his "counsel is not admitted in the Eastern District and the transfer of this case to that District would result in [Sabo's] incurring the burden and expense of a motion for pro hac vice admission for his counsel." Docket Item 9 at 4. The respondent, however, can be represented by attorneys from the Attorney General's office who already are admitted in the Western District. Moreover, as the respondent concedes, it is "unlikely" that a hearing will be required, *see* Docket Item 5 at 5, and thus the location of the witnesses is of little import. Finally, Sabo filed his petition over two years ago, and it would not be in furtherance of justice to cause further delay.

## ORDER

IT IS HEREBY ORDERED that the respondent's motion to change venue, Docket Item 5, is DENIED; and it is further

ORDERED that the respondent shall file and serve an **answer** responding to the allegations in the petition within **30 days of the date of this order**. The answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If so, the respondent shall provide the Court with a transcript of the relevant proceedings, together with any records and documents relating to them, so that the materials can be filed in the official record of this case; and it is further

ORDERED that, in addition to his answer, the respondent shall file and serve, within **30 days of the date of this order**, a memorandum of law addressing each of the issues raised in the petition and including citations to supporting authority;[2] and it is further

ORDERED that within **30 days of the date this order is served** upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in New York State Supreme Court, Kings County, leading to the conviction shall submit such records to the respondent or his attorney; and it is further

ORDERED that if the petitioner previously appealed the judgment of conviction or an adverse judgment or order in a post-conviction proceeding, the respondent must provide the Court with a copy of the briefs, the record on appeal, and any opinions of

---

[2] The deadline for the respondent to move to dismiss has already passed. *See* Docket Item 4.

4

the appellate courts so that such documents can be filed in the official record of this

case; and it is further

ORDERED that the petitioner shall have **30 days after his receipt of the**

**respondent's answer or other pleading** to file a written reply.

SO ORDERED.


Dated:       April 10, 2020
             Buffalo, New York



                                         _/s/ Lawrence J. Vilardo_____
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE